**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISTINA KAY SLAYTER,

          Plaintiff - Appellant,

  v.

NANCY BERRYHILL, acting

Commissioner of Social Security,

          Defendant - Appellee.

No. 14-35031

D.C. No. 6:12-cv-01297-JO

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, Senior District Judge, Presiding

Argued and Submitted May 12, 2017
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,** District
Judge.

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Kristina Kay Slayter appeals the district court decision affirming the denial of her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. At step five of the sequential analysis, the administrative law judge (ALJ) found that, despite Slayter's impairments of borderline intellectual functioning, adjustment disorder and anxiety disorder, she could perform jobs that existed in significant numbers in the national economy.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court order affirming the ALJ's denial of Social Security benefits, and will reverse only if the ALJ's decision was not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). For the following reasons, we vacate and remand, with instructions to remand this case to the agency:

1. The vocational expert testified that if Slayter requires "special supervision" to sustain an ordinary routine, she cannot perform the jobs the ALJ identified. Examining psychologist Pamela Roman prepared two reports in this matter: a 2009 Intellectual Assessment and a 2011 Mental Residual Functional Capacity (MRFC) evaluation. The 2009 report was signed using her maiden name, Pamela Joffe, and the 2011 report used her married name. The ALJ adopted Dr.

Roman's finding in both reports that Slayter could perform simple tasks but rejected her 2011 finding that Slayter required special supervision to sustain an ordinary routine. As this was the opinion of an examining physician, the ALJ was required to provide specific and legitimate reasons, supported by substantial evidence, for rejecting it. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

The ALJ identified two reasons for rejecting Dr. Roman's finding. First, apparently believing that Dr. Joffe and Dr. Roman were different people, the ALJ gave "greater weight" to the 2009 assessment in part because it appeared "more thorough." To the extent the ALJ's analysis rested on that premise, it was in error. Although the 2011 report was a routine "check-the-box" exercise in which the evaluator is asked to rate the claimant's abilities in a variety of categories, Dr. Roman completed the report based on her 2009 assessment.

Second, the ALJ concluded Dr. Roman's 2011 finding regarding special supervision did not account for Slayter's work history or independence in daily life. He specifically noted that Slayter lived and cared for her children independently at one time, and she "was able to sustain competitive employment for years." But other record evidence is inconsistent with this characterization and suggests Slayter's work history and independence were much more limited.

For example, lay witness Toni Kloch, who had known Slayter for thirty years, testified at the administrative hearing that Slayter required supervision and positive reinforcement to stay on task, needed help at work, and relied on parental support while living independently. "An ALJ may reject a lay witness's testimony only 'upon giving a reason germane to that witness.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (quoting *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)). Failure to comment on lay witness testimony is harmless where the testimony "does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *Molina*, 674 F.3d at 1117.

The ALJ rejected Kloch's written third-party function report without specifically referring to her hearing testimony that Slayter required supervision. Kloch's testimony was not coextensive with Slayter's, and the ALJ's somewhat opaque reference to his evaluation of Slayter's credibility was not sufficient to discount Kloch's testimony. The ALJ was not required to believe every statement made by Kloch or any other witness. But his failure to address conflicting evidence undermines his stated reason for discrediting her testimony. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("[A] reviewing court must consider the

4

entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'").

2.     The vocational expert also testified that if Slayter can only remember "one simple instruction at a time," she "probably" cannot perform the jobs the ALJ identified.  Dr. Roman's 2009 and 2011 reports found that Slayter cannot remember more than one instruction at a time or detailed instructions.  The ALJ did not specifically address these findings.

We therefore remand this matter to the ALJ for reconsideration of the testimony of lay witness Toni Kloch and the opinions of examining psychologist Dr. Pamela Roman.  Taxing appeal costs to Appellee SSA.

**VACATED AND REMANDED.**